UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRETT S.,[1]

        Plaintiff,

v.                                        1:21-CV-31 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

### DECISION AND ORDER

Plaintiff Brett S. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 10. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("SSD") filed on January 11, 2019.[2] Tr. 83.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 56-82. Following the hearing, ALJ Dennis Katz issued a decision finding that Plaintiff was not disabled. Tr. 38-55. Plaintiff's request for Appeals Council review was denied, after which he commenced this action. Tr. 1-7; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

---

[2] Plaintiff applied for SSD benefits only. To receive SSD, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).

[3] The filing at Dkt. 7 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 7 are hereby denoted "Tr. __."

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 CF.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* §§ 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits

3

the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of

jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements through December 31, 2013 and that he had not engaged in substantial gainful activity since his alleged onset date June 1, 2018. Tr. 43. The ALJ also found that Plaintiff suffered from the following severe impairments: a lumbar spine impairment and a cervical spine impairment. *Id.* The ALJ concluded that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 44.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> he needs to alternate sitting and standing throughout the work day. Specifically, he is able to sit for 20 minutes at a time before having to stand for a 1 minute stretch break at the work station, after which he can return to a seated position. In like manner, he is able to stand for 20 minutes at a time before having to take a 1 minute sit-down break at the work station, after which he can return to a standing position.

Tr. 44.[4]

---

[4] Sedentary work involves:

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 50. The ALJ concluded that based on Plaintiff's age, education, work experience, and RFC there were a significant number of jobs in the national economy he could perform. *Id.* Therefore, the ALJ concluded that Plaintiff had not been under a disability since his alleged onset date. Tr. 51.

## II. Plaintiff's Argument

Plaintiff argues that the ALJ crafted a highly specific RFC based on a lay assessment of the record which did not contain any useful assessment upon which the ALJ could rely. Dkt. No. 8 at 12-22. Plaintiff also argues that the ALJ's hypothetical to the vocational expert at the hearing did not match his written RFC finding. *Id.* at 16-17.

## III. Analysis

Plaintiff argues that the ALJ's specific RFC finding, that he required a "1 minute stretch break" and a "1 minute sit down break," was not based on any medical opinion, evidence, or clear testimony and, therefore, not supported by substantial evidence. Dkt. No. 8 at 15. Although the ALJ's finding was not based

---

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

on a specific piece of evidence, the ALJ's sit/stand option was supported by substantial evidence.

In general, a plaintiff's RFC is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* § 404.1546(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity"). Additionally, the regulations direct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." *Id.* § 404.1520c.

Indeed, the Second Circuit has held that "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022.) The ALJ is obligated to formulate a plaintiff's RFC based on the record s a whole. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018). Further, the ALJ's RFC finding "need only afford an adequate basis for meaningful judicial review, apply the proper legal standards, and be supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (internal quotation marks and brackets omitted) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

7

The ALJ's conclusion that Plaintiff required a sit/stand option was supported by substantial evidence. As acknowledged by Plaintiff, the ALJ accepted his testimony that he can sit, stand, and walk for "about twenty minutes" at a time. Dkt. No. 8 at 15 citing Tr. 68. In his written application for benefits, Plaintiff indicated that he could not stand "for long periods of time," he could walk "short distances maybe about 20 minutes or 30 minutes," and could sit for about 20 minutes. Tr. 226. Elsewhere in his application, Plaintiff indicated that he could walk 20 to 30 minutes before needing to rest for 10 to 15 minutes. Tr. 227. Neither in his application, nor at the hearing, did Plaintiff testify that he would require a one-minute break between alternating positions. But the fact that the ALJ assigned a specific time frame to illustrate Plaintiff's limitation does not undermine the ALJ's finding, so long as it is supported by substantial evidence. *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016).

In addition to Plaintiff's testimony, the record contained medical opinion and objective evidence that supported the ALJ's determination. The ALJ considered Plaintiff's reports to providers that he had difficulty with "prolonged" sitting. Tr. 47. The ALJ noted that the consultative examiner observed Plaintiff had a "somewhat shuffling gait," and limited range of motion, but that he also displayed full strength in his extremities and had a normal neurologic examination. *Id.* The ALJ found the consultative examiner's opinion, that Plaintiff had moderate limitations in prolonged sitting, prolonged standing, and walking, and marked limitations in bending and lifting, to be "somewhat persuasive." *Id.* The ALJ also

considered the prior administrative finding provided by the non-examining State agency medical consultant, Dr. Ehlert. *Id.* Dr. Ehlert opined that Plaintiff could perform the exertional demands of light work, could occasionally climb ramps, stairs, ladders, ropes, or scaffolds and stoop, and could frequently kneel, crouch, and crawl. *Id.* Another reviewing source, Dr. Lawrence, affirmed Dr. Ehlert's findings. *Id.* The ALJ concluded that, based on the record as a whole, Plaintiff had a greater degree of limitations than opined by Drs. Ehlert and Lawrence. T. 47-48.

The Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 25, 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). The ALJ provided adequate reasoning to support his conclusion that Plaintiff required a sit/stand limitation. Although Plaintiff disagrees with the ALJ's conclusion, he fails to show that a reasonable factfinder would have to conclude otherwise.

In the alternative, any error in assigning a specific time frame to Plaintiff's sit/stand option is harmless. To be sure, as noted by Plaintiff, the ALJ's hypothetical to the vocational expert at the hearing did not mirror the sit/stand option in the written RFC. Dkt. No. 8 at 16-18. Although the ALJ's written sit/stand option did not track the hypothetical presented to the vocational expert,

the hypothetical presented allowed Plaintiff to sit/stand at will, in other words, without a specific time frame. Tr. 73-74.

At the hearing, the ALJ posed the following sit/stand hypothetical to the vocational expert:

> [Plaintiff] had to sit, stand from a sitting position, he could, he could stand at the workplace, he just would have to take a break after 20 minutes. And then, short break, and then resume sitting or maybe he choos[es] to stand for 20 minutes if he didn't feel like sitting. But, this should all be at the work place and, and he wouldn't have to go anywhere else.

Tr. 73-74.

The vocational expert testified that, "as long as an individual is on-task, [employers] typically do not have any concerns with regard to whether they're sitting or standing, changing position, while remaining on-task." Tr. 76.[5] The occupations provided by the vocational expert would be available whether Plaintiff needed to take a one-minute break between positions or any other amount of time, so long as he remained at his workstation. Therefore, remand for further consideration of Plaintiff's sit/stand ability would "serve no useful purpose." *Yeomas v. Berryhill*, 305 F. Supp. 3d 464, 468 (W.D.N.Y. 2018) ("Because plaintiff could perform either position regardless of whether the ALJ had included a sit/stand option in her RFC which would allow her to change positions at will, remand to consider that issue further would serve no useful purpose.").

---

[5] The vocational expert testified that a person with Plaintiff's vocational factors and RFC could perform the occupations of telephone quotation clerk (DOT 237.367-046), document preparer (DOT 249.587-018), and order clerk (DOT 209.567-014). Tr. 74-75.

The Court cannot set aside the Commissioner's disability determination unless the decision is based on legal error or factual findings that are unsupported by substantial evidence. The "substantial evidence" standard "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154. "[I]t is . . . a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   July 18, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE